IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| DONNY RAY GEORGE, | Cause No. CV 11-59-M-DWM-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MONTANA DEPARTMENT OF CORRECTIONS; MIKE MAHONEY; PROBATION/ PAROLE OFFICER COLE BRILZ; PROBATION AND PAROLE OFFICE FOR LAKE COUNTY DISTRICT; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On April 18, 2011, Petitioner Donny Ray George filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. George is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

## II. Background

In 1999, George pled guilty under North Carolina v. Alford, 400 U.S. 25, 37 (1970), to two counts of sexual intercourse without consent in Montana's Twentieth Judicial District Court, Lake County. He was sentenced to serve ten years on the first count, with two years suspended, and ten years on the second count, with all time suspended. The sentences were to run consecutively, for a total sentence of twenty years with twelve suspended. Judgment (doc. 1-1 at 1-2).

In August 2009, the State filed a petition to revoke George's suspended sentence on the second count, Cause No. DC 99-18. Petition (doc. 1-1 at 7-8). On September 23, 2009, he was resentenced to serve ten years in the custody of the Department of Corrections, with five years suspended. Judgment (doc. 1-1 at 32).

George filed for review of his revocation sentence, but it was affirmed. Order (doc. 1-1 at 50).

On July 1, 2010, George moved the trial court to suspend the remainder of his sentence. The motion was denied on July 13, 2010. Order (doc. 1-1 at 51). On

August 4 and 6, 2010, George filed two more requests for suspension of the remainder of his sentence. Those motions were denied on October 13, 2010. Order (doc. 1-1 at 60).

On December 27, 2010, George filed a petition for writ of habeas corpus in the Montana Supreme Court. He argued that his youth at the time of his convictions, as well as his status as a member of the Confederated Salish-Kootenai Tribes, precluded state jurisdiction over him under the Hellgate Treaty of 1855, an agreement between the United States and the Tribes, and Mont. Code Ann. § 2-1-301. He also alleged that his sentence in DC 99-18 was "known not to be a supervised sentence by the Lake County Probation/Parole Office." Order (doc. 1-1 at 62). On January 25, 2011, the Montana Supreme Court held that the trial court had jurisdiction to convict and sentence George in the criminal case and denied the petition on the grounds that habeas corpus is not available under state law to attack the validity of the revocation. Order (doc. 1-1 at 64).

On March 24, 2011, Pet. at 10, Pet'r Decl. ¶ C, George filed his petition in this Court.

### III. George's Allegations and Analysis

Although George's petition is likely time-barred and/or procedurally defaulted, it is more efficient to consider the merits. 28 U.S.C. § 2254(b)(2); Lambrix v.

Singletary, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

George contends, first, that his right to due process was violated because his suspended sentence in DC 99-18 ended with the discharge of his sentence in DC 99-10. Pet. at 6 ¶ 15A. The total sentence imposed on George was clearly twenty years with twelve suspended. The manner in which prison time is calculated by the Department of Corrections, especially after the revocation, see Pet. Ex. (doc. 1-1 at 9-10, 16-18), does not change the terms of the sentence imposed by a trial court. George's first claim for relief should be denied.

Second, George claims that there were "procedural errors in obtaining jurisdiction of a sovereign national distinguish[ed] by a treaty with the United States," id., and that the State of Montana lacked jurisdiction because it did not prove or disprove his ethnic status or the status of the land within the boundaries of the reservation, Pet. at 6 ¶ 15B, 9. The State of Montana has jurisdiction over crimes committed on the land reserved to the Confederated Salish-Kootenai Tribes. Washington v. Confederated Bands and Tribes of the Yakima Indian Nation, 439 U.S. 463 (1979); 25 U.S.C. § 1321(a)(1); Mont. Code Ann. §§ 2-1-301 to -303 (1997); State v. Spotted Blanket, 955 P.2d 1347, 1350-52 ¶¶ 17-26 (Mont. 1998) (citing

4

Confederated Salish and Kootenai Tribes Tribal Ordinance 40-A (Revised) (May 5, 1965)). George's second claim for relief should be denied.

Third, George alleges that the revocation of his suspended sentence demonstrates racial discrimination. Pet. at 7-8 ¶ 15C. George repeatedly failed to report to his probation officer. He repeatedly failed to attend sex offender treatment. He repeatedly possessed or consumed alcohol. Report of Violation (doc. 1-1 at 20-22); Police Reports (doc. 1-1 at 24-27); Admission (doc. 1-1 at 28); Letter from Therapist to Probation Officer (doc. 1-1 at 29) ("I have known Donny for several years and like him. Unfortunately, I cannot get him to regularly attend the Saber sex offender group . . . And I seem to be unable to motivate him to see you, his probation officer, on his scheduled basis."). Revocation of his suspended sentence was obviously based on his own conduct, not on racial animus. George's third claim for relief should be denied.

### IV. Certificate of Appealability

George's petition is frivolous. He has not made a substantial showing that he was deprived of any constitutional right. There is no reason to encourage further proceedings. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>George must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal

/ / /

of his case without notice to him.

DATED this  9th  day of May, 2011.

                                                 /s/ Jeremiah C. Lynch
                                                Jeremiah C. Lynch
                                                United States Magistrate Judge